|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>DISTRICT OF PUERTO RICO | |
| FERDINAND CABRERA-RUIZ and<br>JANET CABRERA-RUIZ,<br><br>   Plaintiffs,<br><br>   v.<br><br>ROCKET LEARNING, INC., JAIME<br>PALES, HIRAM PEREZ, and BRENDA<br>PEREZ.<br><br>   Defendants. | Civil No. 10-1865 (JAF) |

**OPINION AND ORDER**

Plaintiffs bring this action against Defendants alleging age discrimination and retaliation in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–634. (Docket No. 1 at 2.) Plaintiffs also bring supplemental claims under various Commonwealth statutes, including Puerto Rico Law 80 ("Law 80"), 29 L.P.R.A. § 185; Puerto Rico Law 100 ("Law 100"), 29 L.P.R.A. § 146; Puerto Rico Law 115 ("Law 115"), 29 L.P.R.A. § 194; and the Puerto Rico Workmen's Accident Compensation Act ("PRWACA"), 11 L.P.R.A. §§ 1–42. (Id.) Defendant Rocket Learning ("Rocket Learning") answers. (Docket No. 12.) The individual defendants ("Movants") move to dismiss the claims against Movants in their personal capacity under ADEA, PRWACA, and Law 80. (Docket No. 13.) Plaintiffs oppose, Docket No.15, and Movants reply, Docket No. 17.

I.

**Factual Synopsis**

We derive the following facts from the parties' pleadings and motions. (Docket Nos. 1; 12; 13; 17.) Plaintiff Ferdinand Cabrera-Ruiz ("Ferdinand Cabrera") worked for Rocket Learning from February 2005 until May 2009. (Docket No. 1 at 3, 7.) Janet Cabrera-Ruiz ("Janet Cabrera") also worked for Rocket Learning from August 2005 until May 2009. (Id. at 7, 12.) Plaintiffs have sued Movants in their individual capacity, naming as defendants Hiram Pérez, Rocket Learning's chief executive officer, Brenda Pérez, Plaintiffs' supervisor, and Jaime Palés, president of Rocket Learning. (Docket No. 12 at 1–2.)

Ferdinand Cabrera was born in 1965 and was forty-four years old on the date he resigned. (Docket No. 1 at 3.) He alleges that Defendants forced him to travel farther to work than other employees, made negative comments about his age, and transferred him to an underperforming office. (Id. at 3–6.) He also alleges that Defendants failed to pay him his "summer commission" after he reported to the State Insurance Fund ("SIF") and was "placed in rest" for headaches, neck and back pain, weariness, insomnia, and depression. (Id. at 6.)

Janet Cabrera was born in 1968 and was forty-one at the time of her resignation. (Id. at 7.) She also alleges that discriminatory animus prompted Defendants to deny her a promotion, to pay her less than younger employees, and to threaten retaliation in the form of discharge when she complained about the discriminatory treatment. (Id. at 7–10.) She also alleges that she was forced to report to the SIF for "medical treatment" stemming from the alleged

discrimination and that she subsequently suffered retaliation in the form of a "defamation campaign" by Defendants. (Id. at 12.) Plaintiffs both allege in their complaint that Defendants' discriminatory actions effectively forced them to resign from their positions. (Id. at 7, 12.)

## II.

## **Rule 12(b)(6) Standard**

While a complaint need not contain "detailed factual allegations," it must nonetheless "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1940 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A complaint comprised of "naked assertions" without "further facual elaboration" fails this facial plausibility requirement, which demands "more than a sheer possibility that a defendant has acted unlawfully." Id. at 1945 (quoting Twombly, 550 U.S. at 557). A complaint fails to demonstrate a plausible entitlement to relief if it does not set forth supporting factual allegations pertaining to each material element of the claim. Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008).

Guided by this rubric, a party may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In this analysis, the court accepts all well-pleaded facts as true, and draws all reasonable inferences in favor of the nonmoving party. SEC v. Tambone, 597 F.3d 436, 442 (1st Cir. 2010). Nevertheless, an "unadorned, the-defendant-unlawfully-harmed-me accusation" fails to show a plausible entitlement to relief. Iqbal, 129 S. Ct. at 1949.

### III.

### Analysis

**A.   ADEA**

Movants argue that Plaintiffs fail to state a claim against individual defendants under ADEA. (Docket No. 13.) While neither the United States Supreme Court nor the First Circuit has addressed the question of an individual's liability under ADEA, "the courts of this district have repeatedly held that [such individual] liability does not exist." Mercado v. Cooperativa de Seguros de Vida, 726 F. Supp. 2d 96, 101 (D.P.R. 2010); see also Rivera-Tirado v. Autoridad de Energia Electrica, 663 F. Supp. 2d 36, 40–41 (D.P.R. 2009); Vizcarrondo v. Bd. of Trs., 139 F.Supp.2d 198, 205 (D.P.R. 2001). Plaintiffs cannot obtain ADEA relief against Movants in their individual capacities.

**B.   PRWACA**

Movants argue that Plaintiffs' complaint fails to state a claim under PRWACA. We agree. PRWACA was designed to act as the exclusive remedy for certain injured workers, and it established "a compulsory insurance scheme providing medical treatment, payment of benefits and disability compensation through the SIF to assist employees affected by work-related accidents or otherwise suffering from health conditions related to their employment." Feliciano Rolon v. Ortho Biologics LLC, 404 F. Supp. 2d 409, 413–414 (D.P.R. 2005).

Normally, the PRWACA compensation scheme prevents injured employees from seeking recovery through a civil suit against their employer. Lusson v. Carter, 704 F.2d 646, 651 (1st

Cir. 1983). The Puerto Rico Supreme Court has, however, created an exception to an employer's PRWACA immunity; intentional or discriminatory acts foreign to the nature of the employment—such as age discrimination—are not covered by the PRWACA, and employees may seek redress through a civil suit under the ADEA or Commonwealth discrimination laws.[1] Odriozola v. Superior Cosmetic Distribs. Corp., 16 P.R. Offic. Trans. 595, 614–615 (1985); see also Rivera-Flores v. P.R. Tel. Co., 840 F. Supp. 3, 6 (D.P.R. 1993) (restating exception to PRWACA's exclusive coverage for employer's intentional discrimination), rev'd on other grounds, 64 F.3d 742 (1st Cir. 1995).

Plaintiffs mischaracterize the effort their PRWACA claims as an effort to "dismiss Plaintiff's retaliation claim," and fail to clarify their purpose in alleging a violation of Law 45. (Docket No. 15 at 4.) We find Plaintiffs allegations of PRWACA violations do not state a claim upon which relief can be granted, since injuries stemming from intentional or discriminatory acts in the workplace are not compensable under the PRWACA scheme.

**C.     Law 80**

Law 80 protects employees from discharge without just cause, and provides a remedy based on recovery of lost wages from the employer. See 29 L.P.R.A. § 185. The courts of this district have held repeatedly that neither supervisors nor officers fall within the definition of "employer." See Aguirre Vargas v. Fuller Brush Co. of P.R., 336 F. Supp. 2d 134, 141 (D.P.R.

---

[1] The Court clarified that an injured employee may file the civil suit regardless of whether she has already been compensated by the SIF for the same injuries—with the caveat that the SIF would then be entitled to reimbursement. Odriozola v. Superior Cosmetic Distribs. Corp., 16 P.R. Offic. Trans. 595, 614 (1985).

Civil No. 10-1865 (JAF) -6-

2004); Bonilla, 281 F. Supp. 2d at 339; Flamand v. Am. Int'l Grp., 876 F. Supp. 356, 364–365 (D.P.R. 1994).  No personal liability lies against the individual defendants under Law 80.

### D.     Possible Additional Claims

Movants argue for dismissal of Plaintiffs' claims against the movants in their personal capacity for wages, salaries, and overtime under Puerto Rico's Overtime Compensation Act ("Law 379"), 29 L.P.R.A. 271 et seq. (Docket No. 13 at 7–8.)  But, Plaintiffs never actually made any claims under Law 379 in their complaint.  Although Plaintiffs did refer to a claim for "loss of wages, commissions and benefits," they never mention Law 379, despite repeated mention of the other Commonwealth statutes grounding their claims.  (See Docket No. 1 at 13–14.)

Plaintiffs respond by attempting to add claims under Law 379, but concede that there is no individual liability.  (Docket No. 15 at 7.)  Plaintiffs also attempt to add claims for "wage, salary, and hours" under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. (2001), and offer arguments regarding personal liability under the FLSA.

Plaintiffs have not requested leave from this court to amend the complaint under Rule 15 of the Federal Rules of Civil Procedure,[2] which calls for this court to give permission to amend freely, "when justice so requires."  Although Rule 15(b) permits issues to be raised "by

---

[2] The First Circuit has stated that, in theory, a court could treat a claim raised for the first time in response to a summary judgment motion as a motion to amend the complaint under Rule 15(a).  Kunelius v. Town of Stow, 588 F.3d 1, 19 (1st Cir. 2009).  In Kunelius, however, the court did not reach the question since the plaintiff had never argued to the district court that the newly-raised claim should be treated as a motion to amend the complaint.  Id.  Similarly, Plaintiffs in the present case never made such an argument.

Civil No. 10-1865 (JAF)                                                                                                -7-

express or implied consent of the parties," we find no consent here as movants oppose Plaintiffs' "improper amendment of their complaint . . . ." (Docket No. 17 at 4.)

The First Circuit instructs us to "construe pleadings generously, paying more attention to substance than to form," but also warns that we "must always exhibit awareness of the defendant's inalienable right to know in advance the nature of the cause of action being asserted against him." Rodriguez v. Doral Mort. Corp., 57 F.3d 1168, 1171 (1st Cir. 1995). Given movants' protests, we will not entertain Plaintiffs' attempt to amend their complaint by adding a claim in their response to a motion to dismiss. Id. at 1172.

**E.     Supplemental Jurisdiction**

We reject movants' argument that, having dismissed some claims against the individual defendants, we should decline to exercise supplemental jurisdiction over the remaining Commonwealth claims against the individual defendants. The Supreme Court has ruled that a district court should, in its discretion, weigh the values of comity, "judicial economy, convenience and fairness to litigants" in determining whether to exercise jurisdiction over state-law claims in each case. United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966). The First Circuit has explained that, "[i]n an appropriate situation, a federal court may retain jurisdiction over state-law claims notwithstanding the early demise of all foundational federal claims." Doral Mort. Corp., 57 F.3d at 1177.

In the present case, the common factual and evidentiary underpinnings create intimate links between the remaining Commonwealth claims and the ADEA claims. Considerations of

Civil No. 10-1865 (JAF) -8-

judicial economy, convenience, and fairness all support this court's decision to exercise jurisdiction over the remaining Commonwealth claims against the individual defendants in this case. See Martinez v. Blanco Velez Store, Inc., 393 F. Supp. 2d 108, 117 (D.P.R. 2005), (recommending exercise of pendant jurisdiction over Commonwealth claims after dismissal of Title VII claim against individual co-defendants), adopted by 393 F. Supp. 2d 108 (D.P.R. 2005).

### IV.

### Conclusion

For the foregoing reasons, we hereby **GRANT** in part and **DENY** in part Movants' motion to dismiss. (Docket No. 13.) Plaintiffs' claims against Movants as defendants in their individual capacity under ADEA, PRWACA, and Law 80 are hereby **DISMISSED**. The court will retain supplemental jurisdiction over the remaining Commonwealth causes of action against all individual co-defendants in addition to the ADEA cause of action against Rocket Learning.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 11th day of May, 2011.

s/José Antonio Fusté
JOSE ANTONIO FUSTE
United States District Judge