UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

FERDINAND CABRERA-RUIZ and
JANET CABRERA-RUIZ,

    Plaintiffs,

    v.

ROCKET LEARNING, INC., JAIME PALES, HIRAM PEREZ, and BRENDA PEREZ,

    Defendants.

Civil No. 10-1865 (JAF)

**OPINION AND ORDER**

Pending before this court is Plaintiffs' motion for reconsideration of our judgment rejecting their attempted addition of claims for loss of wages and compensation under the Fair Labor Standards Act, 29 U.S.C. §§ 201–219 ("FLSA"), as well as Puerto Rico's Overtime Compensation Act, 29 L.P.R.A. §§ 271–299, ("Law 379"). (Docket No. 35.) Defendants oppose. (Docket 40.) After reviewing the filings, we deny Plaintiffs' motion for the reasons discussed below.

**I.**

**Factual and Procedural Synopsis**

Plaintiffs' complaint alleges age discrimination and retaliation in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–634, as well as related

Civil No. 10-1865 (JAF)                                                                                          -2-

supplemental claims under various Commonwealth statutes. (Docket No. 1 at 2.) On December 8, 2010, individual defendants Jaime Palés, Brenda Pérez, and Hiram Pérez ("the moving defendants") filed a partial motion to dismiss, which this court granted in part on May 11, 2011, rejecting, inter alia, the addition of any FLSA or Law 379 claims. (See Docket No. 31.) Plaintiffs currently seek to "amend or alter [our] Opinion and Order, reinstating Plaintiffs' wage and hour claims." (Docket No. 35.)

Giving the present motion a farcical flavor is the fact that Plaintiffs' complaint did not actually contain any FLSA or Law 379 claims; in fact, the moving defendants were the first to mention Law 379. (See Docket Nos. 1; 13.) In their motion to dismiss, the moving defendants argued that Plaintiffs could not bring claims for "salaries and expenses" against them because "the payment of wages, salaries and overtime referred to in [Law 379] falls on the employer, not on any individual defendant." (Docket No. 13 at 7–8.) In their response in opposition to the motion to dismiss, Plaintiffs not only attempted to add and defend claims—while conceding the issue of individual liability—under Law 379, but also attempted to add FLSA claims for lost wages and compensation. (Docket No. 15 at 7.)

The complaint did include a blanket allegation that Defendants' actions caused each plaintiff to lose "wages, commissions and benefits" in the amount of $300,000, as well as claims for "[d]ouble damages, wages, and commission" under both Puerto Rico Law 100 ("Law 100"), 29 L.P.R.A. § 146, and Puerto Rico Law 115 ("Law 115"), 29 L.P.R.A. § 194. (Docket 1 at 13.) But Plaintiffs never requested leave from this court to amend the complaint under Rule 15

Civil No. 10-1865 (JAF) -3-

of the Federal Rules of Civil Procedure, and the moving defendants opposed the addition of claims by way of a reply brief. (Docket No. 17 at 4.) Consequently, this court held that we would not "entertain Plaintiffs' attempt to amend their complaint by adding a claim in their response to a motion to dismiss." (Docket No. 31.) Plaintiffs have filed the present motion under Federal Rule of Civil Procedure 59(e), seeking reconsideration of our judgment. (Docket No. 35.)

## II.

### Rule 59(e) Standard

We grant motions under Rule 59(e) where necessary to correct manifest errors of law or to consider newly-discovered evidence.[1] Palmer v. Champion Mortg., 465 F.3d 24, 29–30 (1st Cir. 2006). The First Circuit has "emphasized that Rule 59(e) 'does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment.'" Crawford v. Clarke, 578 F.3d 39, 44 (1st Cir. 2009) (quoting Aybar v. Crispin-Reyes, 118 F.3d 10, 16 (1st Cir. 1997)).

---

[1] The First Circuit has also mentioned other narrow grounds for granting a Rule 59(e) motion, such as an intervening change in the law or to otherwise prevent manifest injustice; Plaintiffs do not make arguments based on either ground. See Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005) (citing 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed. 1995)).

### III.

### **Analysis**

Plaintiffs first argue that this court committed a "manifest error of the law" by concluding that the moving defendants' original "argument as to Law 379 [in their motion to dismiss] constituted a 'movants protests' [sic] to the claim." (Docket No. 35 at 2–3.) By making this argument, Plaintiffs have either deliberately mischaracterized this court's words or failed to read the moving defendants' reply to Plaintiffs' response in opposition to the motion to dismiss, which explicitly protested Plaintiffs' attempt at adding FLSA and Law 379 claims as a "tacit and improper amendment of their complaint." (Docket No. 17 at 4.) The moving defendants did explicitly object to Plaintiffs' attempted addition of claims.

Plaintiffs also argue that this court misconstrued the law by rejecting the new FLSA and Law 379 claims, urging that while they might not have mentioned FLSA or Law 379 by name in the complaint, the substance of the claim should prevail over the "procedural vehicle involved."[2] (Docket No. 35 at 2–3.) We reject this argument, noting first that a "Rule 59(e) motion is not properly used to 'raise arguments which could, and should, have been made before judgment issued." Yeomalakis v. FDIC, 562 F.3d 56, 61 (1st Cir. 2009) (quoting Harley-Davidson Motor Co. v. Bank of New England, 897 F.2d 611, 616 (1st Cir. 1990)).

---

[2] The case cited by Plaintiffs for the proposition that the substantive essence of a claim trumps the procedural vehicles involved proves inapposite. See Rodriguez-Garcia v. Municipality of Caguas, 354 F.3d 91, 99 (1st Cir. 2004) (discussing substance of claims alleged in context of "determining whether plaintiffs have asserted identical legal claims" in an inquiry as to whether an extrajudicial claim had tolled a statute of limitations).

Civil No. 10-1865 (JAF) -5-

Moreover, the substance of the claims at issue does not affect the objectionable manner in which Plaintiffs attempted to amend the complaint. The FLSA and Law 379 claims should "have been asserted in the original complaint or by amendment," instead of in a reply brief opposing a motion to dismiss.[3] Id.

Finally, Plaintiffs argue that "Defendants were clearly on notice of the nature of the substance of the wage and hour claims alleged." (Docket 35 at 4.) Plaintiffs' argument again misconstrues our words and fails to elucidate any manifest errors of law. In our opinion rebuffing Plaintiffs' attempt to amend the pleadings in a reply brief, we mentioned the importance of "defendant's inalienable right to know in advance the nature of the cause of action being asserted against him." Rodriguez v. Doral Mort. Corp., 57 F.3d 1168, 1171 (1st Cir. 1995). However, as explained in our opinion, this notice principle did not form the grounds for our decision. Instead, we rejected the addition of any potential FLSA or Law 379 claims because, although Federal Rule of Civil Procedure 15(b) permits issues to be raised "by express or implied consent of the parties," we found such consent lacking based on the moving defendants' protests regarding the attempt at an "improper amendment" of the pleadings.

---

[3] As in Yeomalakis, Plaintiffs are represented by counsel with "extensive experience" in the area of litigation—here, labor and employment law. Yeomalakis, 562 F.3d at 61. "It is not our job, especially in a counseled civil case, to create arguments for someone who has not made them or to assemble them from assorted hints and references scattered throughout the brief." Id. (citing U.S. Healthcare, Inc. v. Healthsource, Inc., 986 F.2d 589, 595 (1st Cir. 1993)). Furthermore, the complaint includes a detailed discussion of relief sought under four different Commonwealth claims, but makes no mention of FLSA or Law 379. See Rodriguez-Garcia v. Miranda-Marin, 610 F.3d 756, 775 & n.18 (1st Cir. 2010) (holding that plaintiff waived Law 115 claim not included in complaint or pretrial order, and noting that complaint included "included several claims arising under Puerto Rico law, but did not include a claim under Law 115"). We also find it curious that Plaintiffs request a reconsideration of our judgment, but have still not requested leave to amend their complaint to add the missing claims in the event that this Rule 59(e) motion were to be granted.

(Docket No. 31.) We find neither manifest error of law nor newly-discovered evidence here and we, therefore, deny Plaintiffs' motion for reconsideration. See Palmer, 465 F.3d at 29–30.

**IV.**

**Conclusion**

For the foregoing reasons, we hereby **DENY** Plaintiffs' motion for reconsideration. (Docket No. 35.)

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 5th day of July, 2011.

                                                s/José Antonio Fusté
                                                JOSE ANTONIO FUSTE
                                                United States District Judge